Wachtler, J.
(dissenting). Each of the petitioners is a recipient of public assistance in the Federal category of aid to dependent children. They applied to the Albany Commissioner of Social Services for emergency assistance to purchase essen *306 tial furniture, particularly beds for their children. They claimed, and it is not disputed, that due to normal wear and tear the beds they had been using have deteriorated and are no longer serviceable so that the children must either sleep on the floor or share the parents’ bed. The commissioner, relying on a regulation of the State Social Services Department, denied relief solely on the ground that emergency assistance is only available when the loss is occasioned "by natural disaster, fire, flood, etc”. The petitioners claim, and I agree, that under these particular circumstances, the denial of emergency assistance was arbitrary.
Recently, in Matter of Jones v Berman (37 NY2d 42) we considered a similar problem. In that case the petitioner’s application for emergency assistance, to replace monthly grants which had been lost or stolen, was denied solely on the basis of a department regulation which prohibited relief under those circumstances. We held at pages 52-53: "Whatever benefits the commissioner may have sought to effect by the adoption of said regulation, whether to reduce or eliminate fraudulent claims that could easily be alleged and rarely disproven or otherwise, the summary denial of assistance without regard to the honesty of the loss or the actual destitute circumstances of the people intended to be protected by the act, was both arbitrary and capricious. Significantly, the regulation adds a requirement that does not exist either under State or Federal law. * * * We conclude, therefore, that by adding a requirement not found in the existing State statute, the regulation as presently written is invalid.”
This same reasoning demonstrates the invalidity of the regulation involved in this case. Here emergency relief was sought because children have no beds to sleep in. The commissioner does not dispute the need or claim that it was due to willful destruction of property or other fraud. Indeed under the department’s regulation these considerations are all irrelevant and relief depends solely on whether the loss was due to a natural disaster. In my view this is an overly broad qualification on the right to emergency relief which is not only unreasonable but which finds no support in the statute. On this record I would conclude that these children are destitute and whether their predicament was caused by gradual deterioration or a more dramatic natural disaster the fact remains that they now face an emergency calling for immediate relief. There is nothing in the statute which says that they are only *307 entitled to assistance for emergencies caused by sudden and unanticipated events and1 the regulation which would add this sweeping restriction should be invalidated.
The fact that this particular need should have been satisfied out of the normal monthly grant does not preclude resort to emergency relief in order to avoid destitution (Matter of Jones v Berman, supra). Indeed to argue that welfare recipients should create a depreciation reserve by the accumulation, over the useful life of a bed, of small increments of their periodic flat grants from which a replacement bed could be purchased is wholly unrealistic. More important it is neither contemplated nor commanded by the Social Services Law.
Accordingly I would reverse and remand to the commissioner for further consideration in light of this opinion.
Chief Judge Breitel and Judges Jasen, Gabrielli and Fuchsberg concur with Judge Cooke; Judge Wachtler dissents and votes to reverse in a separate opinion in which Judge Jones concurs.
Order affirmed, without costs.